**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

Honorio Escobar individually and on behalf of other employees similarly situated, Plaintiff
v.
Martel's Family Restaurant, Inc. and Marina Pappas, individually, Defendants

## COMPLAINT

NOW COMES the Plaintiff, Honorio Escobar individually, and on behalf of other employees similarly situated, (hereinafter, "Plaintiff") through counsel, pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act (hereinafter, "FLSA"), 820 ILCS § 105/1 et seq., commonly known as the Illinois Minimum Wage Law (hereinafter "IMWL"), and the Illinois Wage Payment and Collection, 820 ILCS § 115/1 *et seq*. ("IWPCA") and complains against Martel's Family Restaurant, Inc. ("Martel's") and Marina Pappas, individually, (collectively, "Defendants") and in support of this Complaint, states:

## INTRODUCTION

1. This action seeks redress for Defendants' violations of the FLSA and the IMWL for Defendants' failure to pay Plaintiff and other similarly situated employees proper wages. Plaintiff also seeks redress for Defendants' violations of the IWPCA, for Defendants' failure to pay Plaintiff for all hours worked.

2. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked and have failed to post a notice of rights.

3. Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiff and other similarly situated Plaintiffs their earned and living wages.

4. Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

5. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce). This Honorable Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

### Plaintiff

7. Plaintiff was employed by Defendants in McHenry County, which is in this judicial district.

8. During the course of employment, Plaintiff handled goods that moved or that were intended to move in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 et seq., and the IMWL, 820 ILCS 105/1 et seq.

### Defendants

9. Defendant Martel's is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. Based on information and belief, Defendant Martel's has annual gross sales of $500,000.00 or more.

11. Plaintiff, and other similarly-situated employees of Defendants, handled goods which moved in interstate commerce.

12. Defendant Martel's was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

13. Defendant Marina Pappas is the president of Martel's and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

14. Defendant Marina Pappas was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, and 820 ILCS § 105/3.

15. Defendant Marina Pappas resides and is domiciled in this judicial district.

## **FACTS**

16. Plaintiff worked for Defendants from June 2003 to the present.

17. Plaintiff worked at Defendant's location at 350 Northwest Highway, Cary, Illinois.

18. Plaintiff's job functions included preparing and cooking food.

19. Plaintiff did not receive a bonified lunch break.

20. Plaintiff was paid on a weekly basis.

21. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Defendants scheduled Plaintiff to work in excess of forty (40) hours per week in one or more individual work weeks.

22. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Plaintiff did work in excess of forty (40) hours per week, up to fifty four (54) hours per week, in one or more individual work weeks.

23. In the three (3) years prior to Plaintiff filing his Complaint, other class members employed by Defendants also worked in excess of forty (40) hours per week, in one or more individual work weeks.

24. Although Defendants scheduled Plaintiff to work in excess of forty (40) hours per week, Defendants did not pay Plaintiff overtime wages at a rate of at least one and one-half the Illinois minimum wage for all hours worked in excess of forty (40) hours.

25. Defendants paid Plaintiff one and one-half his regular rate of $7.85 for all hours worked weekly in excess of forty (40) hours per week.

26. Plaintiff's regular rate of $7.85 per hour was below the Illinois minimum wage rate of $8.25 per hour.

27. Defendants' did not pay all of Plaintiff's earned wages. For example, Plaintiff's pay advices paid Plaintiff for forty eight (48) hours weekly even when Plaintiff worked up to fifty four (54) hours weekly.

28. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

29. Neither Plaintiff nor the class members are exempt from the overtime provisions of the FLSA, or the IMWL.

## COUNT I: FLSA VIOLATION: Overtime Wages

30. Plaintiff re-incorporates by this reference all allegations from all preceding paragraphs of this Complaint as if fully set forth herein.

31. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

32. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

33. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the FLSA.

34. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

35. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees over forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: IMWL VIOLATION: Overtime Wages

36. Plaintiff re-incorporates by this reference all allegations from all preceding paragraphs of this Complaint as if fully set forth herein.

37. This Count arises from Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

38. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks, up to fifty four (54) hours in individual work weeks.

39. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

40. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

41. Defendant's violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

42. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiff respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## **COUNT III: FLSA VIOLATION: Minimum wages**

43. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

44. The FLSA requires employers, including Defendants, to pay at least the minimum wage to their employees unless their employees are exempt.

45. Defendants did not pay Plaintiff or the class members at least the minimum wage for all hours worked in one or more workweeks during the prior three (3) years.

46. Defendants' failure to pay minimum wages violated the FLSA.

47. Defendants failed to comply with the predicate requirements under the FLSA by failing to inform Plaintiff and the class members of their right to receive the minimum wage.

48. Defendants violated the FLSA by refusing to compensate Plaintiff and the members of the class consistent with the minimum wages provisions of the FLSA.

49. Plaintiff and other similarly situated employees are entitled to recover unpaid minimum wages for up to three years prior to the filing of this lawsuit because Defendants' failure to pay at least the federal minimum wage inform Plaintiff and the class members of their right to receive the minimum wage was a willful violation of the FLSA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA;

B. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage paid to Plaintiffs and similarly situated employees of Defendants;

C. Award liquidated damages in an amount equal to unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F.  Award reasonable attorneys' fees and costs; and

G.  Grant such additional or alternative relief as this Honorable Court deems just and proper.

### COUNT IV: IMWL VIOLATION: Minimum Wages

50. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

51. This count arises from Defendants' violation of the IMWL, by failing to pay Plaintiff the Illinois-mandated minimum wages for all hours worked in individual work weeks.

52. Plaintiff is entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

53. Defendant paid Plaintiff a regular rate of $7.85 per hour.

54. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the Illinois-mandated minimum wage rate of $8.25 per hour for all time worked.

55. Defendant's failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

56. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.  Enter a judgment in the amount of all minimum wages due to Plaintiffs as provided by the IMWL;

B.  Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C.  Declare that Defendants have violated the IMWL;

D.  Enjoin Defendants from violating the IMWL;

E.  Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F.  Grant such other and further relief as this Honorable Court deems just and proper.

## **COUNT V – IWPCA VIOLATION**

57. Plaintiff reincorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

58. This Count arises from Defendants' violation of the IWPCA, by failing to pay all hours worked by Plaintiff.

59. The IWPCA (820 ILCS §115/3) mandates that "[e]very employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period."

60. The IWPCA (820 ILCS §115/4) mandates that "[a]ll wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned."

61. Defendants' did not pay all of Plaintiff's earned wages. For example, Plaintiff's pay advices paid Plaintiff for forty eight (48) hours weekly even when Plaintiff worked up to fifty four (54) hours weekly.

62. Defendants' failure to pay Plaintiff for all earned wages violated the IWPCA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment for all unpaid wages and compensation due as provided by the IWPCA;

B. Award prejudgment interest pursuant to 815 ILCS § 205/2;

C. Award damages pursuant to 820 ILCS § 115/14(a);

D. Declare that Defendants have violated the IWPCA;

D. Award reasonable attorneys' fees and costs incurred in prosecuting this action; and

E. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**s/ Valentin T. Narvaez**
Valentin T. Narvaez 6300409
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com