IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HONORIO ESCOBAR, JOSE RUBEN, ) <br> SAMUEL SILVA, and JOSE ROMERO, ) <br> Individually and on behalf of other ) <br> Employee similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MARTEL'S FAMILY RESTAURANT, ) <br> INC. and MARINA PAPPAS ) <br> ) <br> Defendants. ) | Case Number: 15-cv-50269 <br><br> Judge Young B. Kim |

## Joint Motion for Approval of Settlement and Dismissal

NOW COME Plaintiffs, Honorio Escobar, Jose Ruben, Samuel Silva, and Jose Romero ("Plaintiffs"), and Defendants, Martel's Family Restaurant, Inc. and Marina Papas ("Defendants") (collectively the "Parties"), by and through their attorneys, to respectfully move this Court for approval of their settlement agreements and dismissal of this action. In support thereof, the Parties state as follows:

1. This action involves claims for unpaid wages under the Fair Labor Standards Act ("FLSA), the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*, and Illinois Wage Payment and Collection Act ("IWPCA"). (Dkt. No. 1).

2. On May 8, 2017, this Court presided over a settlement conference between the Parties, at which the Parties, through their attorneys, exchanged multiple demands and offers based on their respective views on the strengths and weaknesses of this case, before ultimately

reaching a settlement of all claims asserted in this matter. (Dkt. Nos. 40 and 47). On June 29, 2017, pursuant to the Parties' consent, this case was reassigned to this Court.[1]

3. Courts in this circuit have held that a settlement under the FLSA must be approved by the Court or the Secretary of Labor. *Roberts v. Apple Sauce, Inc.*, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014); *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990, 994–95 (N.D. Ind. 2010). Thus, the reviewing Court normally approves a settlement where it is based on "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Roberts*, 2014 WL 4804252, at *1. (quoting *Reyes v. Buddha–Bar NYC*, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

4. The settlement proposed here reflects a reasonable compromise of disputed issues and should be approved. First, extensive additional proceedings would be needed to bring this case to conclusion. Thus, both Parties expect the settlement to avoid further "protracted and expensive litigation." Second, as explained more fully below, the Parties agree that serious questions of law and fact exist – both as to liability and damages – such that the settlement here provides value to the Plaintiffs in terms of an immediate and guaranteed recovery.

5. The Parties consider the terms of this settlement to be fair and reasonable, given the factual and legal defenses Defendants have asserted to Plaintiffs' claims. Plaintiffs assert claims for unpaid overtime and minimum wage violations resulting from allegedly working off-the-clock. Defendants deny that Plaintiffs worked any unpaid overtime or were paid less than

---

[1] Defendants' response to the second amended complaint was stayed until May 22, 2017 pending the outcome of the settlement conference. (Dkt. No. 44) In light of the parties' executed settlement agreements, Defendants have not responded to the second amended complaint. Should this settlement not be approved, Defendant requests leave to file a response to the second amended complaint.

minimum wage and maintain that Plaintiffs cannot prove essential elements of their claims. Additionally, a large portion of Plaintiffs' asserted damages are for "unpaid wages" pursuant to the IWPCA. Defendants deny that this claim is meritorious because Plaintiffs cannot identify an underlying "agreement" to sustain their IWPCA claim. *See Brand v. Comcast Corp.*, 2013 WL 1499008, * 2 (N.D. Ill. April 11, 2013) (granting motion to dismiss IWPCA claim); *Dominguez v. Micro Ctr. Sales Corp.*, 2012 WL 1719793, at *1 (N.D. Ill. May 15, 2012) ("[The plaintiff] can state a IWPCA claim not by alleging the existence of *any* employment contract or agreement, or by alleging a *statutory* right to certain wages, but only by alleging the existence of a contract or agreement that specifically gives her a right to the wages she seeks.") (emphasis in original).

6. The Parties hereby respectfully request this Court review and approve the settlement and, assuming the settlement is approved, dismiss this lawsuit without prejudice. The Parties agree that the dismissal without prejudice will convert to a dismissal with prejudice after 30 days unless one of the Parties moves to reinstate this matter. Pursuant to the Court's direction, upon the filing of this motion, the Parties will submit to the Court via email a copy of the settlement agreements for review *in camera* and request the settlement agreement remain confidential.

| | |
|---|---|
| Dated: July 11, 2017 | Respectfully submitted, |

| | |
|---|---|
| /s/ Valentin Tito Narvaez, I | /s/ Lindsey M. Hogan |
| Valentin Tito Narvaez, I | Stacey L. Smiricky |
| Consumer Law Group, LLC | Gregory P. Abrams |
| 6232 N. Pulaski, Suite 200 | Lindsey M. Hogan |
| Chicago, Illinois 60646 | FAEGRE BAKER DANIELS LLP |
| Tel: 312-878-1302 | 311 S. Wacker Drive, Suite 4300 |
| vnarvaez@yourclg.com | Chicago, IL 60606 |
| | Tel: 312.212.6500 |
| Attorney for Plaintiffs | stacey.smiricky@faegrebd.com |
| | gregory.abrams@faegrebd.com |
| | lindsey.hogan@faegrebd.com |
| | |
| | Attorneys for Defendants |

US.113159978.01

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 11, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Valentin Tito Narvaez, I
vnarvaez@yourclg.com
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, Illinois 60646


        /s/ Lindsey M. Hogan

US.113159978.01